## LONG v BRANCH

Docket No. 104178. Submitted May 11, 1988, at Lansing. Decided July 12, 1988. Leave to appeal denied, 432 Mich —.

James and Charlene Branch left Michigan with their three minor children in order to avoid criminal prosecution. The Branches were arrested in California and charged with shoplifting. In order to avoid having their children placed into foster care in California while they were incarcerated, the Branches gave physical custody of their children to Charlene Branch's sister and brother-in-law, Pamela and Dennis Long. Pamela Long traveled to California to bring the children back to Michigan. She then filed petitions in the Lenawee County Probate Court requesting that she be named guardian of the three children. Long was named temporary guardian pending a full hearing by the court. Prior to the full hearing, James and Charlene Branch returned to Michigan and were served with copies of the guardianship petitions. The Longs filed suit against the Branches the following day in Lenawee Circuit Court seeking a grant of custody of the children under the provisions of the Child Custody Act. The circuit court issued an ex parte order of custody in favor of plaintiffs and a restraining order against defendants. The following week, at the probate court hearing on the guardianship petitions, the probate court found by clear and convincing evidence that the children had been abused and neglected by the Branches and were in need of medical treatment. The court, apparently concluding that appointment of a permanent guardian was necessary for the immediate physical well-being of the minors, appointed Pamela Long permanent guardian of the children. The Branches' motion for a new trial or for further relief from the probate court judgment was denied. Meanwhile, the Branches moved for a grant of summary disposition of the circuit court action arguing that the circuit court lacked subject matter jurisdiction to decide the

References

Am Jur 2d, Infants §§ 28 et seq.

Am Jur 2d, Parent and Child §§ 23 et seq.

Right of parent to regain custody of child after temporary conditional relinguishment of custody. 35 ALR4th 61.

issue of custody raised by the Longs. The motion was denied, Kenneth B. Glaser, J. The Branches then filed separate applications in the Court of Appeals for leave to appeal both from the probate court order appointing Pamela Long permanent guardian of defendants' children and the circuit court order denying their motion for summary disposition. The Court of Appeals denied the applications for leave to appeal. Defendants then sought leave to appeal to the Supreme Court, which, in lieu of granting leave, remanded both cases to the Court of Appeals, 429 Mich 867 (1987). The Court of Appeals granted defendants' application for leave to appeal in the circuit court case and remanded the probate court case to the Lenawee Circuit Court for consideration as on leave granted. The Court of Appeals in this opinion has addressed the propriety of the circuit court's denial of defendants' motion for summary disposition.

The Court of Appeals *held:*

A nonparent may not institute a child custody action in a circuit court unless divorce or separate maintenance proceedings have been begun or there has been a finding of parental unfitness under the provisions of the juvenile code concerning the placement of children into the permanent custody of the probate court. A guardianship hearing is not an appropriate proceeding in which a determination of parental unfitness can be made for the purpose of conferring subject matter jurisdiction on a circuit court to decide a child custody issue originally filed by a third party. Such a determination must be made pursuant to the proceedings set forth in the juvenile code concerning the placement of children into the permanent custody of the probate court. The circuit court in this case lacked subject matter jurisdiction to entertain plaintiffs' complaint for child custody filed under the Child Custody Act. The circuit court's denial of defendants' motion for summary disposition is reversed and the case is remanded for entry of a dismissal of plaintiffs' complaint.

Reversed and remanded.

1. INFANTS — CHILD CUSTODY — CIRCUIT COURT — JURISDICTION.

A nonparent may not institute a child custody action in a circuit court unless divorce or separate maintenance proceedings have been begun by the parents or there has been a finding of parental unfitness under the provisions of the juvenile code concerning the placement of children into the permanent custody of the probate court (MCL 712A.19a; MSA 27.3178[598.19a]).

2. PARENT AND CHILD — CHILD CUSTODY — RIGHT TO COUNSEL —
     PROBATE COURT.

   A parent has the right to court appointed counsel where perma-
   nent custody of a child is to be decided by the probate court
   (MCR 5.906[C][2][b], 5.915[B][1], 5.974[H]).

3. INFANTS — CHILD CUSTODY — CIRCUIT COURT — JURISDICTION —
     PARENTAL UNFITNESS — GUARDIANSHIP HEARINGS.

   A guardianship hearing is not an appropriate proceeding in
   which a determination of parental unfitness can be made for
   the purposes of conferring subject matter jurisdiction on a
   circuit court to decide a child custody issue originally filed by a
   third party; such a determination must be made pursuant to
   the proceedings set forth in the juvenile code concerning the
   placement of children into the permanent custody of the pro-
   bate court (MCL 712A.1 *et seq.*; MSA 27.3178[598.1] *et seq.*).

*Timothy P. Pickard,* for plaintiffs.

*Legal Services of Southeastern Michigan, Inc.*
(by *Ann L. Routt*), for defendants.

Before: SULLIVAN, P.J., and WAHLS and T. E.
JACKSON,* JJ.

PER CURIAM. Defendants, James Branch and
Charlene Branch, appeal by leave granted from a
March 19, 1987, order of the Lenawee Circuit
Court denying their motion for summary disposi-
tion alleging an absence of subject matter jurisdic-
tion under MCR 2.116(C)(4). Essentially, defen-
dants argue that, in view of the rule enunciated in
*Ruppel v Lesner,* 421 Mich 559; 364 NW2d 665
(1984), reh den 422 Mich 1201 (1985), the circuit
court lacked subject matter jurisdiction to decide
whether plaintiffs Dennis Long and Pamela Long
should be granted custody of defendants' three
minor children under the provisions of the Child
Custody Act of 1970, MCL 722.21 *et seq.*; MSA

---

* Recorder's Court judge, sitting on the Court of Appeals by assign-
ment.

25.312(1) *et seq.* We reverse the circuit court's denial of defendants' motion and remand the case for entry of a dismissal of plaintiffs' complaint.

The record reveals that defendants, who are the parents of Jolene, born on July 12, 1983, and twins Sonny and Sammy Jo, born on May 5, 1985, left Michigan with their children in order to avoid criminal prosecution in this state. Apparently, James Branch had been charged with receiving and concealing stolen property valued over $100, and Charlene Branch had been charged with malicious destruction of property valued over $100. The Branch family, along with several pets, traveled in a van, first to North Carolina, then to California. On January 5, 1987, defendants were arrested in California for shoplifting. In order to avoid, during their brief period of incarceration, having their children placed into foster care in California, defendants gave physical custody of their children to Charlene Branch's sister and brother-in-law, who are plaintiffs in this action. Thus, Charlene Branch's sister, Pamela Long, traveled to California on January 8, 1987, and returned with defendants' children to her home in Michigan.

Upon her return, Pamela Long filed petitions in the Lenawee County Probate Court requesting that she be named guardian of the three children. After an ex parte order was issued on January 13, 1987, naming Long as the children's temporary guardian, a full hearing was scheduled for February 5, 1987. Defendants returned to Michigan on January 29, 1987, and were served with copies of the guardianship petitions. On January 30, 1987, plaintiffs filed the instant action in the Lenawee Circuit Court, requesting a grant of custody of the children under the provisions of the Child Custody Act of 1970. On the same day, the circuit court

issued an ex parte order of custody in favor of plaintiffs and a restraining order against defendants.

At the February 5, 1987, probate court hearing, Pamela Long sought to be appointed permanent guardian of the children, alleging that such appointment was necessary for the immediate physical well-being of the children. MCL 700.424(2)(b); MSA 27.5424(2)(b). She presented the testimony of a physician who stated that defendants' children were malnourished and were suffering from growth retardation. She also alleged that Charlene Branch abusively used illegal drugs and that, while the Branch family was traveling, the children were confined in cages in the back of the family van, which also contained several pets. Defendants, whose request for court-appointed counsel was denied, attempted to show that they had been meeting their children's needs. In an opinion issued on February 23, 1987, the probate court found by clear and convincing evidence that the children had been abused and neglected and were in need of medical treatment. Pamela Long was appointed permanent guardian of the children. On May 15, 1987, defendants' motion for a new trial or for further relief from the probate court judgment was denied.

Meanwhile, in the circuit court action, which forms the basis for the present appeal, defendants moved for a grant of summary disposition, arguing that, under *Ruppel, supra,* the circuit court lacked subject matter jurisdiction to decide the issue of custody raised by plaintiffs. That motion was denied on March 19, 1987. Subsequently, defendants filed separate applications in this Court for leave to appeal both from the probate court order appointing Pamela Long permanent guardian of defendants' children and the circuit court order de-

nying their motion for summary disposition. This Court, on July 24, 1987, denied defendants' applications for leave to appeal in both the probate court and circuit court actions. After the Supreme Court remanded both cases, 429 Mich 866; 413 NW2d 426 (1987), a panel of this Court, in separate orders issued on December 11, 1987, remanded the probate court case to the Lenawee Circuit Court for consideration as on leave granted and granted defendants' application for leave to appeal in the circuit court case. Accordingly, this opinion, somewhat belatedly, addresses the propriety of the circuit court's March 19, 1987, denial of defendants' motion for summary disposition.

As already noted, plaintiffs filed their complaint for custody of defendants' children in the circuit court pursuant to the Child Custody Act of 1970, MCL 722.21 *et seq.*; MSA 25.312(1). This act governs child custody disputes filed in circuit courts, establishes standards for determining the best interests of a child, defines presumptions which operate in child custody disputes, and establishes procedures for use by circuit courts in child custody actions. Aside from a limited statutory exception allowing grandparents seeking visitation rights with grandchildren to file an action in a circuit court, MCL 722.27b; MSA 25.312(7)(b), the act does not confer subject matter jurisdiction upon circuit courts to entertain original custody disputes filed by third parties (i.e., by nonparents, MCL 722.22[c]; MSA 25.312[2][c]). Instead, such jurisdiction, if it is to be conferred at all, must be obtained through some other proceeding.

In *Ruppel v Lesner, supra,* pp 565-566, the Supreme Court discussed the jurisdictional limitations of the CCA:

We conclude that where a child is living with its

parents, and divorce or separate maintenance proceedings have not been instituted, and there has been no finding of parental unfitness in an appropriate proceeding, the circuit court lacks the authority to enter an order giving custody to a third party over the parents' objection.[5] . . . While custody may be awarded to grandparents or other third parties according to the best interests of the child in an appropriate case (typically involving divorce), nothing in the Child Custody Act, nor in any other authority of which we are aware, authorizes a nonparent to create a child custody "dispute" by simply filing a complaint in circuit court alleging that giving custody to the third party is in the "best interests of the child."

---

[5] Of course, if the parents abuse, neglect, or abandon a child, proceedings may be brought under the juvenile code to bring the child within the probate court's jurisdiction, allowing appropriate orders regarding custody. MCL 712A.1 et seq.; MSA 27.3178(598.1) et seq. While in this case the grandparents have made claims about the unsuitability of the parents, there has been no finding of unfitness.

---

In *Hastings v Hastings,* 154 Mich App 96, 100; 397 NW2d 232 (1986), lv den 428 Mich 859 (1987), a panel of this Court construed this language in *Ruppel* as setting forth two exceptions to the general rule that a nonparent may not institute a custody action in a circuit court: (1) where divorce or separate maintenance proceedings have been begun or (2) where there has been a finding of parental unfitness under the provisions of the juvenile code concerning the placement of children into the permanent custody of the probate court, MCL 712A.19a; MSA 27.3178(598.19a). See also *Meachum v Bower,* 156 Mich App 661, 667-668; 402 NW2d 66 (1986), and *Marshall v Beal,* 158 Mich App 582, 587-588; 405 NW2d 101 (1986).

Here, all parties agree that defendants have not triggered the involvement of the circuit court in

the matter of child custody by having filed a divorce or separate maintenance proceeding. However, plaintiffs and defendants disagree as to whether there has been a sufficient finding of parental unfitness in order to invoke circuit court jurisdiction in support of plaintiffs' complaint for custody by virtue of the guardianship proceeding in the probate court. Plaintiffs contend that the probate court's finding that the children in this case were abused and neglected constitutes a finding of parental unfitness sufficient to permit them to file under the CCA an original action for custody in the circuit court. Defendants, on the other hand, argue that a guardianship proceeding is not an appropriate proceeding in which to determine parental unfitness and thus cannot serve to confer subject matter jurisdiction in a circuit court. Defendants rely on *Ruppel* and *Hastings* in asserting that an appropriate proceeding in which to determine parental unfitness is one which has been filed pursuant to the provisions in the juvenile code concerning the placement of children into the permanent custody of the probate court, MCL 712A.19a; MSA 27.3178(598.19a), and not merely one which has been filed pursuant to the provisions of the probate code concerning the appointment of a guardian for a minor, MCL 700.424(2); MSA 27.5424(2). We agree with defendants.

Pamela Long was appointed guardian of defendants' children by the Lenawee County Probate Court under MCL 700.424(2); MSA 27.5424(2), which provides:

(2) The court may appoint a guardian for an unmarried minor if either of the following circumstances exist[s]:

(a) The parental rights of both parents or of the surviving parent have been terminated or sus-

pended by prior court order, by judgment of divorce or separate maintenance, by death, by judicial determination of mental incompetency, by disappearance, or by confinement in a place of detention.

(b) The appointment is necessary for the immediate physical well-being of the minor.

After the probate court conducted a hearing on February 5, 1987, it found by clear and convincing evidence that defendant's children had been abused and neglected and named Pamela Long as their guardian, apparently concluding that such appointment was necessary for the immediate physical well-being of the minors. It is clear that the statute upon which Pamela Long relied to obtain guardianship over defendants' children focuses on the needs of the involved children and not necessarily on the unfitness of the children's parents. It is just as clear that the statute permitting a probate court to place a child in the permanent custody of the court, and thus forever terminate any existing parental rights recognized in the law, focuses on the fitness of a child's parents. This focus is easily discernible in the plain language of the relevant statute, which provides:

Where a child remains in foster care in the temporary custody of the court following the initial hearing provided by section 19, the court may make a final determination and order placing the child in the permanent custody of the court, if it finds any of the following:

(a) The child has been deserted and abandoned without provision for identification for a period of at least 6 months and the public or private agency having temporary custody of the child has made a reasonable attempt to locate the parent.

(b) The child is left with intent of desertion and abandonment by his parent or guardian in the

care of another person without provision for his support or without communication for a period of at least 6 months. The failure to provide support or to communicate for a period of at least 6 months shall be presumptive evidence of the parent's intent to abandon the child. If, in the opinion of the court, the evidence indicates that the parent or guardian has not made regular and substantial efforts to support or communicate with the child, the court may declare the child deserted and abandoned by his parent or guardian.

(c) A parent or guardian of the child is unable to provide proper care and custody for a period in excess of 2 years because of a mental deficiency or mental illness, without a reasonable expectation that the parent will be able to assume care and custody of the child within a reasonable length of time considering the age of the child.

(d) A parent or guardian of the child is convicted of a felony of a nature as to prove the unfitness of the parent or guardian to have future custody of the child or if the parent or guardian is imprisoned for such a period that the child will be deprived of a normal home for a period of more than 2 years.

(e) The parent or guardian is unable to provide a fit home for the child by reason of neglect.

(f) The child has been in foster care in the temporary custody of the court on the basis of neglect petition for a period of at least 2 years and upon rehearing the parents fail to establish a reasonable probability that they will be able to reestablish a proper home for the child within the following 12 months. [MCL 712A.19a; MSA 27.3178(598.19a).]

Moreover, no doubt because parental rights—as is recognized in the law and is obvious from experience—represent "an interest far more precious than any property right," *Santosky v Kramer,* 455 US 745, 758-759; 102 S Ct 1388, 1397; 71 L Ed 2d 599, 610 (1982), citing *Stanley v Illinois,* 405 US

645, 651; 92 S Ct 1208, 1212; 31 L Ed 2d 551, 558 (1972), certain protections and safeguards are afforded to parents in cases involving the threat of loss of their parental rights. For example, where permanent custody of a child is to be decided by the probate court, a parent enjoys the right to court-appointed counsel. *In re Nash,* 165 Mich App 450, 458; 419 NW2d 1 (1987); MCR 5.906(C)(2)(b), now MCR 5.915(B)(1) and MCR 5.974(H). In the probate proceeding regarding Pamela Long's appointment as guardian of defendants' children, defendants, who are indigents, were not represented by counsel. Indeed, their request for counsel was specifically denied by the probate court. Moreover, according to defendants, no extracourt investigation of their fitness as parents was performed under the direction of the probate court.

Plaintiffs in this case, had they wished to ensure the retention of custody of defendants' children, could have taken action to bring about the successful termination of defendants' parental rights under MCL 712A.19a; MSA 27.3178(598.19a). Thereafter, they properly could have filed a complaint for custody under the CCA or have taken steps to secure the adoption of the children under the Adoption Code, MCL 710.21 *et seq.*; MSA 27.3178 (555.21) *et seq.* They could not, however, create subject matter jurisdiction in the circuit court to entertain a complaint for custody filed under the CCA simply by filing a complaint therefor in the circuit court and alleging that the minor's parents had already been found "unfit" in a proceeding based *not,* for example, on the abuse, neglect, or abandonment of the minors by their parents pursuant to MCL 712A.1 *et seq.*; MSA 27.3178 (598.1) *et seq.*, but rather on the determination of a probate court that, under the statutory guardianship provision, MCL 700.424(2); MSA 27.5424(2), an

appointment of a guardian for the minors was necessary for the immediate physical well-being of the minors. Although the guardianship appointment of Pamela Long may have resulted in a suspension of defendants' parental rights, it did not result in a proper finding of defendants' unfitness as parents for the purpose of conferring subject matter jurisdiction on a circuit court, in accordance with the requirements set forth by the Supreme Court in *Ruppel, supra,* sufficient to have permitted plaintiffs' original complaint for custody of defendants' children to avoid being dismissed upon being challenged by defendants' motion for summary disposition. In other words, we hold that a guardianship hearing is not an appropriate proceeding in which a determination of parental unfitness can be made for the purpose of conferring subject matter jurisdiction on a circuit court to decide a child custody issue originally filed by a third party. Such a determination must be made pursuant to the proceedings set forth in the juvenile code concerning the placement of children into the permanent custody of the probate court. As succinctly stated in defendants' brief on appeal, "There is a well-developed statutory scheme of procedures and substantive protections to address claims of parental unfitness; that [scheme] is the Juvenile Code, MCL 712A.1 *et seq.*; MSA 27.3178 (598.1) *et seq.*"

Having concluded that the circuit court in this case lacked subject matter jurisdiction to entertain plaintiffs' complaint for child custody filed under the CCA—subject matter jurisdiction, of course, being an issue which may be considered at any stage of a proceeding because it calls into question the power of a court to hear a case, *Sumpter v Kosinski,* 165 Mich App 784, 797; 419 NW2d 463 (1988)—we need not address the second issue

raised on appeal by defendants concerning whether the United States and Michigan Constitutions prohibit the judicial resolution of original third-party child custody claims on the basis that such claims interfere with a fundamental family interest.

The circuit court's denial of defendants' motion for summary disposition is reversed and the case is remanded for entry of a dismissal of plaintiffs' complaint.

Reversed and remanded.