BOWIE v ARDER

Docket No. 130547. Submitted March 20, 1991, at Lansing. Decided
    August 6, 1991, at 9:15 A.M.
    Darresia Bowie brought an action in the Genesee Circuit Court
    againt Milton Arder, Jr., under the Child Custody Act, seeking
    custody of her granddaughter, the child of the plaintiff's de-
    ceased daughter and the defendant. At the time the action was
    filed, the child was residing with her father. The circuit court,
    Earl E. Borradaile, J., dismissed the action for lack of subject-
    matter jurisdiction and referred the matter to the probate
    court. The plaintiff appealed.
        The Court of Appeals *held:*
        Because the child was residing with her father and there had
    been neither the institution of divorce or separate maintenance
    proceedings nor a finding of parental unfitness in an appropri-
    ate proceeding, the circuit court lacked subject-matter jurisdic-
    tion to entertain the petition for custody.
        Affirmed.

*Miner, Spuhler & Miner, P.C.* (by *Earl R. Spuh-
ler*), for the plaintiff.

*Thomas R. McCombs,* for the defendant.

Before: Hood, P.J., and Jansen and G. S. Al-
len,* JJ.

Per Curiam. On May 23, 1990, plaintiff, mother
of Carolyn Bowie, deceased, and the maternal
grandmother of Ashlee Arder Bowie, filed a peti-
tion in the circuit court seeking custody of Ashlee
pursuant to the Child Custody Act of 1970, MCL
722.21 *et seq.*; MSA 25.312(1) *et seq.* Following a
hearing on June 11, 1990, the circuit court dis-

---

* Former Court of Appeals judge, sitting on the Court of Appeals by
assignment.

missed the action for lack of subject-matter jurisdiction and referred the case to the probate court. Plaintiff appeals as of right, alleging that the trial court erred in concluding that it did not have subject-matter jurisdiction. We disagree and affirm.

According to plaintiff's petition, Ashlee's mother died on December 9, 1988. Plaintiff assumed the care and custody of Ashlee from that date until April 30, 1990, when defendant allegedly took Ashlee from plaintiff under the ruse of giving his daughter a ride in his new automobile. Defendant did not return Ashlee to plaintiff.

The issue presented in the present case is whether the circuit court erred in concluding that it lacked subject-matter jurisdiction to hear an original action brought by a third party where the child resides with her natural father, where no divorce or separate maintenance proceedings have been instituted, and where no finding of parental unfitness has been made in an appropriate proceeding.

Our Supreme Court in *Ruppel v Lesner,* 421 Mich 559, 565-566; 364 NW2d 665 (1984), set forth a circuit court's authority to entertain a third-party complaint for custody. The *Ruppel* Court summarized:

> We conclude that where a child is living with its parents, and divorce or separate maintenance proceedings have not been instituted, and there has been no finding of parental unfitness in an appropriate proceeding, the circuit court lacks the authority to enter an order giving custody to a third party over the parents' objection. The Child Custody Act does not create substantive rights of entitlement to custody of a child. Rather, it creates

presumptions and standards by which competing claims to the right of custody are to be judged, sets forth procedures to be followed in litigation regarding such claims, and authorizes the forms of relief available in the circuit court. While custody may be awarded to grandparents or other third parties according to the best interests of the child in an appropriate case (typically involving divorce), nothing in the Child Custody Act, nor in any other authority of which we are aware, authorizes a nonparent to create a child custody "dispute" by simply filing a complaint in circuit court alleging that giving custody to the third party is in the "best interests of the child." When, as in this case, the third parties are close relatives of the child, we must remember that, except for limited visitation rights, grandparents have no greater claim to custody than any other relative or indeed any other persons.

The import of the *Ruppel* decision is to limit the authority of the circuit court. The *Ruppel* Court held that the Child Custody Act does not give third parties the right to file original child custody actions in circuit court.

On the basis of the holding in *Ruppel,* we affirm the trial court's finding that it lacked subject-matter jurisdiction. We interpret the *Ruppel* decision as holding that once judicial intervention has already taken place, the court may award custody to third parties. Otherwise, there is no authority allowing a nonparent to create a child custody dispute. *Hastings v Hastings,* 154 Mich App 96, 100-101; 397 NW2d 232 (1986); *Long v Branch* 172 Mich App 81, 86-87; 431 NW2d 835 (1988); *Marshall v Beal,* 158 Mich App 582, 589; 405 NW2d 101 (1986).

Affirmed.