DUONG v HONG

Docket No. 134499. Submitted April 16, 1991, at Grand Rapids. Decided October 8, 1991, at 9:25 A.M. Leave to appeal granted, 439 Mich 918.

Thanh Quoc Duong and Tuyet Trieu brought an action in the Kent Circuit Court, seeking custody of a child born to Long Han Hong and Phan Hue Ong. The child had been living with the plaintiffs, and the parties had stipulated that the court could award custody to the plaintiffs. The court, Robert A. Benson, J., entered an order in accordance with the stipulation. The defendants thereafter moved for a change of custody and to vacate the order granting the plaintiffs custody, alleging that the court lacked subject-matter jurisdiction. The court denied the motions. The defendants appealed.

The Court of Appeals *held*:

A circuit court can consider a third-party request for a change of custody under the Child Custody Act where the child is living with the third-party nonparent, even where divorce or maintenance proceedings have not been instituted and there has been no finding of parental unfitness in an appropriate proceeding.

1. Circuit courts have subject-matter jurisdiction of child custody disputes. The issue whether a third party can bring a custody action in circuit court is an issue of standing, rather than jurisdiction. A third party with whom a child resides has standing to bring an action for custody of that child in the circuit court.

2. The defendants' objection to the previous custody orders was not timely.

Affirmed.

*Joseph S. Smigiel, Jr.,* for the plaintiffs.

*Law, Weathers & Richardson, P.C.* (by *Roger Law*), for the defendants.

Before: SULLIVAN, P.J., and HOLBROOK, JR., and McDONALD, JJ.

SULLIVAN, P.J. Defendants appeal as of right an October 15, 1990, order of the Kent Circuit Court denying their motion to vacate prior orders of the court. Defendants' contended that the circuit court did not have subject-matter jurisdiction to consider a third-party petition for custody of defendants' biological child. We affirm because we conclude that where a child is living with a third party, that party has standing to petition for custody under the Child Custody Act, MCL 722.21 *et seq.*; MSA 25.312(1) *et seq.* The question is not one of subject-matter jurisdiction. Additionally, defendants failed to make a timely objection.

Plaintiffs and defendants are couples who immigrated to this country as refugees from Viet Nam. Plaintiffs immigrated in 1971, and have lived in Grand Rapids since that time. Defendants immigrated in the early 1980s. In December 1981, the child whose custody is at issue in this case, Kaye Star, was born to defendants. For reasons unclear from the record, Kaye Star began living with plaintiffs in April 1982, when she was four months old. The parties were friendly at that time.

In July 1982, the parties legalized the arrangement. This was initiated by plaintiffs' June 29, 1982, complaint for custody of Kaye Star. The parties thereafter stipulated to the awarding of custody to plaintiffs, and the court entered an order in accordance with that stipulation on July 16, 1982.

Defendants have since been unsuccessful in their attempts to regain custody of Kaye Star. They filed two motions for a change of custody, dated September 14, 1984, and December 7, 1987. The trial court denied the first motion. The record does not reflect the outcome of the second motion, but plaintiffs contend on appeal that defendants abandoned the second request. In any event, Kaye

Star continued to live with plaintiffs. By this time, again for reasons unclear from the record, the friendship between plaintiffs and defendants had deteriorated. Defendants' most recent attempt, and that giving rise to this appeal, was a motion to vacate the July 16, 1982, order granting plaintiffs custody pursuant to the parties' stipulation, and any subsequently entered orders, on the basis that the circuit court lacked subject-matter jurisdiction of the matter. The trial court denied defendants' motion. This appeal followed.

The issue whether under the Child Custody Act a circuit court can consider a third-party request for a change of custody where the child is living with the third-party nonparent, but where divorce or maintenance proceedings have not been instituted and where there has been no finding of parental unfitness in an appropriate proceeding, has been the subject of conflict among panels of this Court since our Supreme Court's decision in *Ruppel v Lesner*, 421 Mich 559; 364 NW2d 665 (1984).

MCL 722.25; MSA 25.312(5) provides in part that "[w]hen the [child custody] dispute is between the parent or parents and an agency or a third person, it is presumed that the best interests of the child are served by awarding custody to the parent or parents, unless the contrary is established by clear and convincing evidence." The question is, Under what circumstances can a circuit court consider a custody action that was initiated by a third party?

In *Ruppel,* our Supreme Court concluded that "where a child is living with its parents, and divorce or separate maintenance proceedings have not been instituted, and there has been no finding of parental unfitness in an appropriate proceeding, the circuit court lacks the authority to enter an order giving custody to a third party over the

parents' objection." *Id.,* p 565. The Court reasoned that no authority exists authorizing a third person to create a child custody "dispute" by simply filing a complaint in circuit court alleging that giving custody to the third person is in the "best interests of the child." *Id.,* p 566.

Since *Ruppel,* panels of this Court have held that even if the child is living with a third party, a circuit court does not have authority to consider that third party's custody complaint unless judicial intervention has already taken place—such as in divorce proceedings—and then only in limited circumstances. See *Marshall v Beal,* 158 Mich App 582; 405 NW2d 101 (1986), and *Hastings v Hastings,* 154 Mich App 96; 397 NW2d 232 (1986).

On the other hand, more recent panels, with which we agree, have disagreed with the *Marshall* and *Hastings* panels' interpretation of *Ruppel.* Instead, these panels held that under *Ruppel* a third person who has physical custody of a child may bring an action for custody, even where no separate maintenance or divorce proceedings have been brought and there has been no finding of parental unfitness. See *Solomon v Lewis,* 184 Mich App 819; 459 NW2d 505 (1990), vacated 437 Mich 978 (1991),[1] and *Prawdzik v Hiner,* 183 Mich App 245; 454 NW2d 399 (1990).

Especially persuasive is Judge MARILYN KELLY's opinion in *Solomon.* Judge KELLY opined that the issue whether a third party can bring a custody action in circuit court is an issue of standing, rather than jurisdiction. Simply put, circuit courts of this state have subject-matter jurisdiction of child custody disputes. See *id.,* pp 821-822. Who

---

[1] The Supreme Court vacated this Court's judgment in *Solomon* and remanded the matter to the circuit court to determine whether the plaintiffs had standing under MCL 722.26b(2); MSA 25.312(6b)(2). The plaintiffs were the limited guardians of the child whose custody was at issue.

can initiate such an action in circuit court is a question of standing, and a third party with whom the child resides has standing to bring an action for custody of that child in the circuit courts. *Id.,* p 825. Also see *id.,* pp 825-826 (SAWYER, J., concurring), and *Prawdzik,* pp 248-249. This rule does not result in the problem the *Ruppel* Court faced: permitting a third party to create a child custody dispute by simply filing a complaint for custody in circuit court. *Ruppel,* p 566. In this case, the "dispute" existed by virtue of defendants' permitting their child to reside with plaintiffs.

A recent addition to the Child Custody Act supports the conclusion that the issue is one of standing rather than jurisdiction. The Legislature recently added 1990 PA 315, which provides in part that "[e]xcept as otherwise provided in subsection (2), a guardian or limited guardian of a child has *standing* to bring an action for custody of the child pursuant to [the Child Custody Act]." MCL 722.26b; MSA 25.312(6b). This addition became effective December 20, 1990. It does not, however, change our conclusion that a third party with whom the child resides, even if not a guardian of the child, can bring an action under the Child Custody Act. It merely limits a limited guardian's standing to bring such an action and sets forth procedures to be followed in litigation involving guardians.

One final aspect of this case also compels us to hold that the trial court properly denied defendants' motion to vacate previous custody orders. In 1982, when plaintiffs filed their complaint for custody, defendants not only failed to object to the action, but went so far as to stipulate to plaintiffs' custody of Kaye Star. Defendants' September 18, 1990, motion to vacate the previous custody orders for lack of jurisdiction was the first objection to

this action being brought in circuit court. Defendants' objection came seven years too late.

Affirmed.[2]

---

[2] Before the decision in this case was released, another panel of this Court released its decision in *Bowie v Arder,* 190 Mich App 571; 476 NW2d 649 (1991), a case that involved a third-party nonparent's custody petition. The *Bowie* panel affirmed the trial court's dismissal of the petition for lack of subject-matter jurisdiction, and broadly interpreted the *Ruppel* decision as holding that unless judicial intervention has already taken place, there is no authority allowing a nonparent to create a child custody dispute. *Bowie, supra,* p 573.

The *Bowie* decision, however, did not establish a "rule of law" that we must follow in this case under Administrative Order No. 1990-6, 436 Mich lxxxiv. The *Bowie* panel was faced with the question whether a third party can bring an original custody action "where the child resides with her natural father, where no divorce or separate maintenance proceedings have been instituted, and where no finding of parental unfitness has been made in an appropriate proceeding." *Bowie, supra,* p 572. Because the pertinent facts in *Bowie* paralleled those in *Ruppel,* the *Bowie* Court's broad interpretation of *Ruppel* was not essential to its decision and thus was obiter dictum. See, e.g., *Kuikstra v Cheers Good Time Saloons, Inc,* 187 Mich App 699, 704-705; 468 NW2d 533 (1991). We therefore are not obligated to follow it where, as here, the child at issue resides with the third-party nonparents and the parents did not originally object to the circuit court's giving custody to the third parties.