ALTMAN v NELSON

Docket No. 149244. Submitted July 7, 1992, at Grand Rapids. Decided December 21, 1992, at 9:00 A.M.

Thomas A. Altman brought a paternity action in the Newaygo Circuit Court against Vicky Nelson, alleging that he was the father of a child born to the defendant at a time she was unmarried. In answer to the complaint, the defendant denied that she was unmarried and she submitted a marriage license indicating that she was married to Gregory L. Nelson and a birth certificate indicating that she and Gregory are the child's parents. Following blood tests that showed a 99.95 percent probability that the plaintiff was the child's father, but before resolving issues concerning the defendant's marital status and the plaintiff's standing, the court, Terrence R. Thomas, J., issued an order declaring the plaintiff to be the child's father. The parties were granted joint legal custody, with the defendant retaining physical custody and the plaintiff being allowed visitation and ordered to pay child support. The plaintiff thereafter petitioned for, and was granted, physical custody of the child. Three years after the entry of the order of filiation, the defendant moved for dismissal of the paternity action, claiming that the court lacked subject-matter jurisdiction and that the plaintiff lacked standing. The court granted the motion, vacated all prior orders as void ab initio, and entered an order directing that the child be returned immediately to the defendant. The plaintiff appealed. The Court of Appeals ordered a stay of proceedings in the trial court and restored custody of the child to the plaintiff pending the appeal.

The Court of Appeals *held:*

1. The trial court erred in ruling that it lacked subject-matter jurisdiction. The allegations in the plaintiff's complaint, even if untrue, were sufficient to invoke the trial court's jurisdiction of

REFERENCES

Am Jur 2d, Bastards §§ 11, 18, 62, 85, 87, 88; Courts §§ 88, 105; Motions, Rules and Orders § 45; Parties §§ 31, 32.

See the ALR Index under Judgments, Orders and Decrees; Jurisdiction; Legitimacy of Children; Vacation and Modification of Judgment or Verdict.

*paternity actions, as provided in the Paternity Act, MCL 722.714(3); MSA 25.494(3).*

2. A plaintiff in a paternity action, in order to have standing to bring the action, must allege and prove that the child was born out of wedlock, i.e., a child begotten and born to a woman who was not married from the child's conception to its birth, or one whom the court has determined to be a child born or conceived during a marriage but not the issue of that marriage. MCL 722.711(a); MSA 25.491(a). In this case, the plaintiff's failure to plead or prove sufficient facts to support his standing, or the trial court's failure to resolve the issue of standing, did not deprive the trial court of subject-matter jurisdiction.

3. The defendant is not entitled to relief from the trial court's orders on the basis of mistake because she did not seek such relief within a year of the entry of the order of filiation, MCR 2.612(C)(1)(a); nor is she entitled to relief for other reasons because the circumstances do not mandate the setting aside of the order to achieve justice, MCR 2.612(C)(2)(f).

Order of dismissal vacated; orders of filiation and change of custody reinstated.

1. COURTS — SUBJECT-MATTER JURISDICTION.

Jurisdiction of the subject matter is the right of the court to exercise judicial power over a class of cases, not the particular case before it; jurisdiction does not depend on whether a charge is true or false, but upon its nature; it is determinable on the commencement, not at the conclusion, of the inquiry.

2. PARENT AND CHILD — PATERNITY ACTIONS — STANDING.

In order to have standing, a plaintiff in a paternity action must allege and prove that the child was begotten and born to a woman who was not married from the child's conception to its birth or that the child has been determined by a court to have been born or conceived during a marriage but not to be the issue of that marriage (MCL 722.711[a]; MSA 25.491[a]).

3. MOTIONS AND ORDERS — RELIEF FROM ORDERS.

Three requirements must be fulfilled before relief from a final order may be granted where the motion for relief is based on grounds other than those specified by court rule: the reason for setting aside the order must not fall under any of the grounds enumerated in the court rule, the substantial rights of the opposing party must not be detrimentally affected if the order is set aside, and extraordinary circumstances must mandate the setting aside of the order to achieve justice (MCR 2.612[C] [1][f]).

*Kevin J. Kozma,* for the plaintiff.

*Springstead & Jaunese, P.C.* (by *Douglas A. Springstead*), for the defendant.

Before: DOCTOROFF, C.J., and REILLY and JANSEN, JJ.

REILLY, J. This matter began as a paternity action and eventually evolved into a custody dispute. Plaintiff, Thomas A. Altman, now appeals as of right from a Newaygo Circuit Court order setting aside the order of filiation and dismissing his child custody petition for lack of jurisdiction. We reverse.

The pertinent facts are undisputed. On January 20, 1988, plaintiff filed a complaint pursuant to the Paternity Act, MCL 722.711 *et seq.*; MSA 25.491 *et seq.*, requesting blood tests and seeking a declaration that he was the biological father of the female child born to defendant, Vicky Nelson, on March 29, 1983. Plaintiff asserted that "at the time of said birth, Defendant was and remains an unmarried woman." The child was residing with defendant.

In her answer, defendant denied that she was an unmarried woman at the time of the child's birth or thereafter. In support of her denial, defendant submitted a copy of a marriage license indicating that she was married to Gregory L. Nelson on November 14, 1981. Defendant also attached a copy of the child's birth certificate identifying Gregory Nelson and defendant as the parents. Defendant requested that the case be dismissed or, in the alternative, if an order of filiation was entered, that plaintiff be ordered to pay confinement expenses and child support. Defendant did not otherwise raise the issue of standing.

Paternity blood testing showed the probability of

plaintiff being the father was 99.95 percent. An order was entered on November 2, 1988, declaring plaintiff to be the legal father of the child. In that order, the trial court stated that the parties agreed to a settlement of the other issues, and therefore granted legal custody to both parties, with physical custody to defendant. Plaintiff was given visitation rights and ordered to pay support. The trial judge never addressed the issues of marital status and standing. The order of filiation was not appealed.

Plaintiff filed a petition for transfer of child custody in the paternity action on December 28, 1989, alleging that defendant was living with an unrelated adult male, she was not married, and she had "in essence abandoned the minor child in favor of Greg Nelson." Defendant opposed the petition and responded that the man she was living with was Gregory Nelson, her husband, who was the "legal and equitable father" of the child.

However, on January 10, 1991, defendant agreed to relinquish custody. Pursuant to defendant's stipulation, the trial court entered an order on January 11, 1991, transferring physical custody of the child to the plaintiff. The child then lived with plaintiff continuously until the trial court, on February 19, 1992, granted defendant's motion to dismiss the case for want of jurisdiction.

At the hearing on defendant's motion, the trial court, relying on *Girard v Wagenmaker,* 437 Mich 231; 470 NW2d 372 (1991), determined that plaintiff did not have standing in the paternity action. The court admitted its error in failing to consider defendant's marital status and plaintiff's standing before it entered the filiation order. The court acknowledged that the plaintiff was granted custody only as a result of the determination of filiation. If the filiation order had been properly

denied, the court stated, the plaintiff would not have had standing to seek physical custody, either as the noncustodial parent or as a third party having physical custody of the child. The trial court concluded, therefore, that all previous orders including the order of filiation and the order awarding physical custody to the plaintiff should be declared void ab initio for lack of jurisdiction. The court vacated its prior orders and entered an order that the child be returned immediately to the defendant.

The plaintiff appealed. This Court ordered a stay of proceedings in the trial court and restored custody to plaintiff pending the appeal.

On appeal, plaintiff contends the issue of standing was waived because defendant never challenged plaintiff's standing in the paternity action or in the custody proceeding, either by affirmative defense or by a motion for summary disposition under MCR 2.116(C)(5). Plaintiff further contends that the circuit court, having subject-matter jurisdiction over custody disputes, erred when it ruled that plaintiff did not have standing to petition for the change in custody.

The plaintiff argues that, even if he did not have standing as the biological father, he did have standing as a third person who was given physical custody of the child voluntarily on January 10, 1991. Plaintiff relies on *Duong v Hong,* 191 Mich App 462; 478 NW2d 922 (1991), which held that a third party with whom a child resides has standing to bring an action for custody of that child in circuit court. *Id.* at 465-466. However, our Supreme Court reversed this Court's decision in *Duong,* holding that a third party does not gain standing to petition for custody by reason of the fact that the child resides with the third party. *Bowie v Arder,* 441 Mich 23; 490 NW2d 568 (1992).

Our review of this case convinces us that the real issue presented is whether the circuit court properly determined that it did not have jurisdiction to enter the order of filiation because plaintiff did not have standing, the allegations in the paternity complaint being untrue.

Subject-matter jurisdiction and standing are not the same thing. Jurisdiction of the subject matter is the right of the court to exercise judicial power over a class of cases, not the particular case before it; to exercise the abstract power to try a case of the kind or character of the one pending. *Joy v Two-Bit Corp,* 287 Mich 244, 253-254; 283 NW 45 (1938); *In re Waite,* 188 Mich App 189, 199; 468 NW2d 912 (1991). The question of jurisdiction does not depend on the truth or falsity of the charge, but upon its nature: it is determinable on the commencement, not at the conclusion, of the inquiry. *Fox v Martin,* 287 Mich 147, 152; 283 NW 9 (1938); *Waite, supra* at 199. Jurisdiction always depends on the allegations and never upon the facts. When a party appears before a judicial tribunal and alleges that it has been denied a certain right, and the law has given the tribunal the power to enforce that right if the adversary has been notified, the tribunal must proceed to determine the truth or falsity of the allegations. The truth of the allegations does not constitute jurisdiction. *Id.*

There is a wide difference between a want of jurisdiction, in which case the court has no power to adjudicate at all, and a mistake in the exercise of undoubted jurisdiction, in which case the action of the trial court is not void, although it may be subject to direct attack on appeal. This fundamental distinction runs through all the cases. *Jackson City Bank & Trust Co v Fredrick,* 271 Mich 538, 544; 260 NW 908 (1935); *Bowie, supra* at 49. When

there is a want of jurisdiction over the parties or the subject matter, no matter what formalities may have been taken by the trial court, the action is void because of its want of jurisdiction. Consequently, its proceedings may be questioned collaterally as well as on direct appeal. *Jackson, supra.*

Where jurisdiction of the subject matter and the parties exist, errors or irregularities in the proceedings, however grave, although they may render the judgment erroneous and subject to be set aside in a proper proceeding for that purpose, do not render the judgment void; until the judgment is set aside, it is valid and binding for all purposes and cannot be collaterally attacked. Once jurisdiction of the subject matter and the parties is established, any error in the determination of questions of law or fact upon which the court's jurisdiction in the particular case depends is error in the exercise of jurisdiction. Jurisdiction to make a determination is not dependent upon the correctness of the determination made. *Jackson, supra* at 545-546; *Waite, supra* at 200.

If the court has jurisdiction of the parties and of the subject matter, it also has jurisdiction to make an error. *Buczkowski v Buczkowski,* 351 Mich 216, 221; 88 NW2d 416 (1958).

> The loose practice has grown up, even in some opinions, of saying that a court had no "jurisdiction" to take certain legal action when what is actually meant is that the court had no legal "right" to take the action, that it was in error. If the loose meaning were correct, it would reduce the doctrine of *res judicata* to a shambles and provoke endless litigation, since any decree or judgment of an erring tribunal would be a mere nullity. [*Id.* at 222.]

Subject-matter jurisdiction over paternity ac-

tions has been conferred by statute on the circuit court. MCL 722.714(3); MSA 25.494(3). *Syrkowski v Appleyard,* 420 Mich 367, 375; 362 NW2d 211 (1985). The circuit court also has subject-matter jurisdiction of custody disputes pursuant to the Child Custody Act. MCL 722.21 *et seq.*; MSA 25.312(1) *et seq.*; *Bowie, supra* at 52.

This case is distinguishable from *Stamadianos v Stamadianos,* 425 Mich 1; 385 NW2d 604 (1986), cited by defendant in support of the trial court's finding of lack of jurisdiction. In *Stamadianos,* the parties were granted a consent default judgment of divorce. In her complaint, the plaintiff had alleged that she lived in Livingston County for at least ten days immediately preceding the filing of her complaint. She also testified to that fact at the pro confesso hearing before the granting of the divorce. Approximately one year after the entry of the default judgment, the defendant husband filed a motion to modify the property settlement provisions or, in the alternative, to set aside the entire default judgment because plaintiff had committed a fraud on the court by misrepresenting that she was a resident of Livingston County for the statutorily required ten days immediately preceding the filing of the complaint. The plaintiff admitted, by affidavit, that she had failed to comply with the ten-day county residency rule. The trial court found that it had been without jurisdiction to enter the judgment of divorce. The case was dismissed, and the court assessed attorney fees and costs against the plaintiff.

On appeal, this Court concluded that jurisdiction was the dispositive issue, but that MCL 552.9; MSA 25.89 is a venue rather than a jurisdictional provision. Consistent therewith, this Court reinstated the consent default judgment of divorce and vacated the award of attorney fees and costs

against plaintiff. That decision was reversed on appeal to the Supreme Court. The Court concluded that the ten-day county residency requirement is set forth in the same statute as the state residency requirement, and represents a jurisdictional limitation on the circuit court's power to enter a divorce decree. MCL 552.9; MSA 25.89 provides:

> A *judgment of divorce shall not be granted* by a court in this state in an action for divorce *unless* the complainant or defendant has resided in this state for 180 days immediately preceding the filing of the complaint and . . . the complainant or the defendant has resided in the county in which the complaint is filed for 10 days immediately preceding the filing of the complaint. [Emphasis added.]

The defendant has not cited any similar limiting provision in the Paternity Act or any other authority that would support her position that failure of the trial court to resolve the disputed standing issue deprives the court of subject-matter jurisdiction. Our research has revealed none. Consequently, we hold that the trial court had subject-matter jurisdiction to consider plaintiff's paternity action.

In contrast, standing relates to the position or situation of the plaintiff in relation to the cause of action and the other parties at the time the plaintiff seeks relief from the court. Generally, in order to have standing, a party must merely show a substantial interest and a personal stake in the outcome of the controversy. *Rogan v Morton,* 167 Mich App 483, 486; 423 NW2d 237 (1988). However, when the cause of action is created by statute, the plaintiff may be required to allege specific facts in order to have standing. Such is the case in a paternity action. *Girard, supra.* In order to have standing to seek relief under the Paternity Act,

plaintiff must allege that the child was born out of wedlock. MCL 722.714(6); MSA 25.494(6). "Child born out of wedlock" is defined as "a child begotten and born to a woman who was not married from the conception to the date of birth of the child, or a child which the court has determined to be a child born or conceived during a marriage but not the issue of that marriage." MCL 722.711(a); MSA 25.491(a).

In his complaint, plaintiff alleged that he was the biological father of the female child born to defendant when she was not married. He petitioned for an order of filiation under the Paternity Act. By making such assertions and seeking such relief, plaintiff requested the circuit court to exercise its subject-matter jurisdiction in paternity actions. Plaintiff's failure to plead or prove sufficient facts to support his standing did not deprive the circuit court of subject-matter jurisdiction.

This case is also distinguishable from *Girard, supra,* where the defendant mother challenged the putative father's standing in his paternity action. The trial court determined that the allegations, on their face, were insufficient to support an action under the Paternity Act. In *Girard,* the putative father alleged that he was the father of a child conceived and born while the mother was married to her husband, but claimed that the child was not a child of the marriage. The defendant mother argued that the complaint was insufficient to show standing because there was no allegation that a prior determination by a circuit court had been made regarding the issue whether the child was born out of wedlock, as required by the Paternity Act. The trial court agreed. The Supreme Court affirmed, holding:

Because MCL 722.714(f); MSA 25.494(f) requires

> that Girard be the father of a child born out of wedlock, he cannot file a proper complaint and has no standing to bring a claim under the Paternity Act. [*Girard, supra* at 243.]

In the case before us, the trial court did not resolve the issues of marital status and standing before entering the order of filiation. However, the defendant mother did not appeal that decision. Having done nothing to contest that final order during the past three years, even though represented by counsel, defendant cannot now be heard to complain.

We conclude, therefore, that the allegations in plaintiff's paternity complaint were sufficient on their face to show that the circuit court had subject-matter jurisdiction of the action, and that plaintiff claimed standing to bring the action. Because the trial court had jurisdiction of the subject matter and of the parties, the action taken by the trial court, though involving an erroneous exercise of jurisdiction, was not void. *Waite, supra* at 200. This case is distinguishable from *Duong,* the companion case to *Bowie,* where the circuit court's custody order was void because the court lacked subject-matter jurisdiction. *Bowie, supra* at 56. Accordingly, the trial court erred in vacating its previous orders on the basis of a finding that they were void.

A party may be relieved from a final judgment, order, or proceeding on the basis of mistake. MCR 2.612(C)(1)(a). The mistake may be a mistake of the trial court. *Grettenberger Pharmacy, Inc v Blue Cross-Blue Shield of Michigan,* 120 Mich App 354; 327 NW2d 476 (1982) (the trial court's error was reliance on a class list compiled by the plaintiff that excluded a member of the class). However, when a party seeks relief on the basis of mistake,

even the court's mistake, the rule requires that the motion be made within one year after the judgment, order, or proceeding was entered or taken. MCR 2.612(C)(2). In this case, defendant's motion was not made until approximately three years following the issuance of the filiation order. Therefore, defendant was not entitled to relief on the ground of mistake.

Furthermore, we find that even if the trial court's action is not properly characterized as a mistake, defendant was not entitled to relief on the basis of the other grounds provided in the court rule. Relief from judgment may also be granted for "[a]ny other reason justifying relief from the operation of the judgment." MCR 2.612(C)(1)(f). In order for relief to be granted under this subsection, three requirements must be fulfilled:

> (1) the reason for setting aside the judgment must not fall under subrules (1) through (5); (2) the substantial rights of the opposing party must not be detrimentally affected if the judgment is set aside and (3) extraordinary circumstances must exist which mandate setting aside the judgment in order to achieve justice. [*McNeil v Caro Community Hosp,* 167 Mich App 492, 497; 423 NW2d 241 (1988), construing GCR 1963, 528.3(6), now MCR 2.612(C)(1)(f).]

Generally, relief is granted under subsection f only when the judgment was obtained by the improper conduct of the party in whose favor it was rendered. *Id.* However, relief has been denied when the Court found that the motion was not brought within a reasonable time. *Tomblinson v Tomblinson,* 183 Mich App 589; 455 NW2d 346 (1990) (the plaintiff waited five years before seeking to have the consent judgment set aside.)

In the case before us, the defendant is unable to meet the requirements of subsection f. The only reason stated by the court for setting aside the judgment was its own error. Although the father was not entitled to an order of filiation inasmuch as he could not prove that he had standing, defendant failed to appeal the order of filiation that was erroneously entered. Plaintiff has now had physical custody of the child for over 2½ years pursuant to a consent order of custody. In view of the fact that defendant did not appeal the erroneously entered order, accepted support payments and then voluntarily transferred physical custody to the plaintiff, and waited three years before making a motion to vacate the judgment, we are not convinced that the circumstances mandate setting aside the judgment in order to achieve justice.

In summary, the circuit court had subject-matter jurisdiction to enter the filiation order. The error in granting the order without obtaining proof of plaintiff's standing to bring the action was a mistake in the exercise of that jurisdiction. The error had to be corrected either on appeal or by a motion to set aside the judgment. The judgment was not void ab initio, and any mistake could not be corrected after one year. Furthermore, plaintiff failed to show that justice required setting aside the judgment. Accordingly, the trial court erred in vacating its order of filiation and order granting change of custody.

The order granting defendant's motion is hereby vacated. The order of filiation and order granting custody are reinstated.