# Order

**Michigan Supreme Court**
**Lansing, Michigan**

February 24, 2006

128374

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

CHARLES PITTS,
        Plaintiff-Appellant,

v

SUSAN BEAM,
        Defendant-Appellee.

SC: 128374
COA: 260426
Genesee CC
Family Division: 02-243658-DP

_____/

On January 10, 2006, the Court heard oral argument on the application for leave to appeal the February 25, 2005 order of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

CAVANAGH, J., dissents and states as follows:

I would grant leave to appeal and direct the parties to specifically brief and argue the applicability of *Altman v Nelson*, 197 Mich App 467 (1992), under the facts of this case.

KELLY, J., dissents and states as follows:

The Court should grant leave to appeal in this case. The underlying facts are that plaintiff and defendant had a relationship while defendant was married to her now-deceased husband. The parties' relationship produced a child who was born on January 17, 2001, during defendant's marriage. Defendant's husband died eight days after the birth.

Plaintiff and defendant continued their relationship until the fall of 2002. Its termination caused plaintiff to file a complaint for paternity. Paragraph 5 of his complaint alleged that "[d]efendant was not married at the time of conception, nor at the time of the birth of the minor child." Defendant failed to answer, and the court entered

an order of filiation on December 16, 2002. Defendant admits that she was served with the complaint, but claims that she did not receive notice of the order.

Nearly two years after the order was entered, defendant took action to have it rescinded. The trial court refused but, on February 25, 2005, the Court of Appeals vacated the decision of the trial court and rescinded the order of filiation. It based its decision on the legal conclusion that plaintiff never had standing to pursue an order of filiation under the Child Custody Act, MCL 722.21 *et seq.*, or the Paternity Act, MCL 722.711(a), as interpreted by *Girard v Wagenmaker*, 437 Mich 231 (1991).

We granted oral argument and directed the parties to argue whether

the allegation in plaintiff's October 16, 2002, Complaint for Paternity that "the Defendant was not married at the time of conception [of the minor child], nor at the time of the birth of the minor child," constitutes fraud on the court within the meaning of MCR 2.612(C)(2), and whether this issue was abandoned by defendant on appeal to the Court of Appeals. [474 Mich 893, 894 (2005).[1]]

The issues presented in this case ought to be reviewed by this Court after full briefing and oral argument. Principal among them is whether plaintiff committed a fraud on the court.[2] The decision in *Matley v Matley*,[3] appears to be on point and to require a different result than was reached here. On remand in *Matley*, the Court of Appeals held that fraud on the court cannot exist where both parties are aware of the relevant facts. *Matley* (*On Remand*), *supra* at 101–102.

In this case it is uncontested that both parties knew the relevant facts when the order of filiation was signed. Defendant argues that plaintiff perpetuated a fraud on the trial court when, knowing that the child had been conceived and born during wedlock, she failed to respond to the complaint. In so doing, he argues, she made possible an order of filiation that would not have been issued had she answered and answered truthfully. Should this Court rescind the order, defendant concludes, it would reward defendant's inaction in the paternity proceedings.

Plaintiff is correct. By failing to respond, defendant made the filiation order possible. Now that she no longer wishes plaintiff to be the legally responsible father of her child, she uses the same inaction as the basis for voiding the order. We should not encourage such manipulation of the legal system.

---

[1] The order mistakenly cited MCR 2.612(C)(2) instead of MCR 2.612(C)(3).

[2] This issue was not raised directly by either of the parties.

[3] 461 Mich 897 (1999); *Matley v Matley* (*On Remand*), 242 Mich App 100 (2000).

I am concerned, also, that the Court of Appeals disregarded *Altman v Nelson,*[4] which, under MCR 7.215(J)(1), it was required to follow when deciding this case. In *Altman*, an earlier panel of the Court of Appeals extensively explored the difference between subject-matter jurisdiction and standing. It concluded that a litigant's lack of standing does not prevent a court from exercising its powers where subject-matter jurisdiction has been established. *Altman, supra* at 473.

The Court should grant leave to appeal in this case to carefully consider the issues recited in our October 27, 2005 order at 474 Mich 893 and the additional issue of the significance to this matter of the *Altman* case.

---

[4] 197 Mich App 467 (1992).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 24, 2006

Clerk

s0221