# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 24, 2009

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

138172

PHILLIP UNTHANK and PHYLLIS UNTHANK,
      Plaintiffs-Appellants,

v

CHRISTINE WOLFE, f/k/a CHRISTINE
BARNETT,
      Defendant-Appellee,

and

KENNETH BARNETT,
      Defendant-Appellee.

SC: 138172
COA: 284182
Wayne CC: 05-518779-DC

_____/

      On order of the Court, the application for leave to appeal the December 23, 2008 judgment of the Court of Appeals is considered, and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we VACATE the portion of the opinion of the Court of Appeals pertaining to standing. The Court of Appeals should not have considered the validity of the guardianship order entered by the probate court in a separate proceeding in considering whether plaintiffs had standing to bring a custody action. See *In re Hatcher*, 443 Mich 426, 438-444 (1993); *Altman v Nelson*, 197 Mich App 467, 472-479 (1992). The court's standing analysis was unnecessary to its otherwise proper holding. In all other respects, the application for leave to appeal is DENIED because we are not persuaded that the questions presented should be reviewed by this Court.

      CORRIGAN, J. (*concurring*).

      I concur in the Court's order vacating the portion of the Court of Appeals judgment pertaining to standing. I write separately to observe that probate and circuit courts should be aware of and comply with the statutory procedure that exists to insure the orderly and efficient resolution of cases involving both guardianship and child custody proceedings. When a guardian or limited guardian brings a child custody action,

MCL 722.26b(5) requires the circuit court to request that the Supreme Court assign the probate judge who appointed the guardian or limited guardian to serve as the circuit judge and hear the child custody action. Although the probate judge who presided over the guardianship proceeding in this case was eventually assigned to hear the child custody action, the circuit court's 11-month delay in deciding defendant Christine Wolfe's appeal of the probate court's guardianship decision intolerably delayed the resolution of this child custody matter. The statutory directive is clear-cut and should be followed.

The courts also fell far short of compliance with the caseflow management guidelines issued by this Court. The guidelines direct probate courts to adjudicate 75 percent of all guardianship matters with 182 days of filing; 90 percent within 273 days; and 100 percent within 364 days, except in exceptional circumstances. Administrative Order No. 2003-7. The guidelines direct circuit courts to adjudicate 90 percent of all custody disputes within 147 days and 100 percent within 238 days. *Id*. In this case, the Unthanks filed a motion for third-party custody on May 15, 2005, and a petition seeking temporary guardianship on June 3, 2005. It was not until May 19, 2006, that that circuit court decided Wolfe's appeal of the probate court's guardianship order, and not until February 20, 2008, that the probate court entered an order denying the Unthanks' motion for custody and awarding Wolfe sole custody of the child. The courts' failure to abide by our time guidelines is distressing in this tragic case.

HATHAWAY, J., would grant leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 24, 2009

Clerk

p0421