DEPARTMENT OF SOCIAL SERVICES v CARTER

Docket No. 154012. Submitted June 2, 1993, at Grand Rapids. Decided October 4, 1993, at 9:15 A.M.

The Department of Social Services and Debra Gates brought an action in the Isabella Circuit Court against Timothy Carter, seeking an order of filiation and support of a child born to Gates and alleging Gates was not married from the conception to the birth of the child. The defendant moved for summary disposition on the basis that the court lacked jurisdiction and the plaintiffs lacked standing under the Paternity Act, because the child had been conceived while Gates was married. After the plaintiffs amended their complaint to allege that although conceived during Gates' marriage, the child was not issue of the marriage, the court, Paul F. O'Connell, J., denied the defendant's motion, ordered a blood test of Gates' former husband, and, on the basis of the results of the blood test, found that the former husband was not the father of the child. Thereafter, the court found on the basis of the results of a blood test that the defendant was the father of the child and entered an order of filiation and support. The defendant appealed.

The Court of Appeals *held:*

There need be no adjudication of whether a child is an issue of a former marriage before the filing of a complaint for an order of filiation. A circuit court has subject-matter jurisdiction under the Paternity Act to determine during the proceedings for an order of filiation whether a child was born out of wedlock. Here, because Gates was not aware that she was pregnant at the time of her divorce, the proper forum to determine whether the child was an issue of the marriage was this action rather than the divorce action.

Affirmed.

*Larry J. Burdick,* Prosecuting Attorney, and *Robert A. Holmes, Jr.,* Assistant Prosecuting Attorney, for the Department of Social Services.

*Lynn R. Chamberlain,* for the defendant.

Before: SHEPHERD, P.J., and HOLBROOK, JR., and MACKENZIE, JJ.

SHEPHERD, P.J. Defendant appeals as of right the circuit court's order of filiation and support. We affirm.

I

The underlying facts of this case are as follows. On June 1, 1985, plaintiff Debra K. Gates married Michael D. John. In August or September, 1985, Gates and John were separated and ceased having sexual relations. When John filed for divorce on June 12, 1986, there was no mention of any minor children born of the marriage. On or about June 20, 1986, Gates and defendant, Timothy Carter, engaged in sexual relations.

John filed an amended complaint for divorce on June 24, 1986, specifically alleging that there were no minor children born of the marriage. On August 29, 1986, a judgment of divorce was entered following a hearing that Gates did not attend. At the hearing, John stated that there were no children born of the marriage and that Gates was not pregnant. After the divorce was entered, Gates learned that she was pregnant, giving birth to Detera Ann Gates on March 20, 1987.

On May 24, 1988, plaintiffs, the Isabella County Department of Social Services and Gates, filed a complaint for an order of filiation against defendant, alleging that plaintiff Gates was not married from the conception to the birth of the minor child and that defendant was the father of the minor child. In response, defendant filed a motion for summary disposition, alleging that the trial court did not have subject-matter jurisdiction under the Paternity Act, MCL 722.711 *et seq.*; MSA 25.491 *et*

*seq.,* because the minor child was not born out of wedlock, having been conceived while Gates was married to John. Defendant also alleged that plaintiffs did not have standing to pursue the claim against him.

On September 1, 1988, plaintiffs filed an amended complaint for an order of filiation, alleging that Debra Gates "was married to Michael David John at the time of conception, but not at the time of birth, and said child is not an issue of the marriage." After a hearing on November 2, 1988, the trial court denied defendant's motion for summary disposition, but ordered a hearing to determine whether the child was born out of wedlock within the meaning of the Paternity Act. The court ordered a blood test of John, but held in abeyance the question of a blood test of defendant pending the outcome of this evidentiary hearing.

On April 5, 1991, an evidentiary hearing was held to determine whether John was the father of the minor child. After reviewing John's blood test results, the trial court denied defendant's motion for summary disposition in an opinion entered on April 25, 1991, determining that the child was not the issue of the marriage between Gates and John. The trial court further granted plaintiffs' motion for a blood test of defendant.

On May 20, 1991, defendant filed a renewed motion for summary disposition, which the trial court denied on October 4, 1991. Following a May 26, 1992, nonjury paternity trial, the trial court concluded that even though Gates' child was conceived during the marriage, the child was not the issue of the marriage between her and John. The court further concluded that defendant was the father of the minor child, given that the probability of paternity was 99.9868 percent.

On appeal, defendant contends that the court

did not have jurisdiction over him and that plaintiffs did not have standing to sue under the Paternity Act, MCL 722.711 *et seq.*; MSA 25.491 *et seq.* Specifically, defendant argues that the child was conceived during the marriage between Gates and John and that at the time plaintiffs filed their paternity complaint there had been no prior court determination whether the child was "born out of wedlock," as required by *Girard v Wagenmaker,* 437 Mich 231; 470 NW2d 372 (1991).

## II

We note that subject-matter jurisdiction and standing are not the same thing. *Altman v Nelson,* 197 Mich App 467, 472-474; 495 NW2d 826 (1992). Circuit courts have subject-matter jurisdiction of actions to identify the father of a child born out of wedlock. MCL 722.714(3); MSA 25.494(3); *Syrkowski v Appleyard,* 420 Mich 367, 375; 362 NW2d 211 (1985); *Morrison v Richerson,* 198 Mich App 202, 206; 497 NW2d 506 (1993). In the instant case, the circuit court had subject-matter jurisdiction, because the allegations in the amended complaint for an order of filiation and support state that the minor child was not an issue of Gates' marriage with Michael John.

In order to have standing to seek relief under the Paternity Act, a plaintiff must allege that a child was born out of wedlock. MCL 722.714(6); MSA 25.494(6); *Altman, supra,* pp 475-476. MCL 722.711(a); MSA 25.491(a) defines "child born out of wedlock" to be "a child begotten and born to a woman who was not married from the conception to the date of birth of the child, or a child which the court has determined to be a child born or conceived during a marriage but not the issue of that marriage." In the instant case, plaintiffs have

standing to seek relief under the Paternity Act, because they alleged that the child was born out of wedlock. Furthermore, we note that the trial court has already determined that the child was conceived during Gates' marriage with John, but was not the issue of that marriage.

Contrary to defendant's assertion, the trial court did not have to determine whether the child was an issue of a marriage before plaintiffs could file the complaint alleging that the child was born out of wedlock and that defendant was the father of the child. First, we note that in *Syrkowski,* a case involving a surrogate parenting agreement, the Supreme Court held that the circuit court had subject-matter jurisdiction under the Paternity Act to make a determination whether the child was born out of wedlock during the proceedings in the plaintiff's action for an order of filiation.

Second, we note that the statutory language does not expressly state that there must be a determination that a child was not an issue of a marriage before the filing of a paternity action. In the instant case, the question whether the child was born out of wedlock could not have been determined before the complaint requesting an order of filiation, because Gates did not know that she was pregnant at the time of the divorce judgment. Here, a prior determination that the child was born out of wedlock cannot be required, because the question could not have been determined previously in the context of the divorce action.

Furthermore, we agree with the trial court that *Girard* is limited by its facts and does not deprive the trial court of subject-matter jurisdiction or plaintiffs of standing to bring a claim under the Paternity Act. In *Girard,* the plaintiff filed a paternity complaint against the defendant, Mrs. Wagenmaker, claiming that he was the father of the

child she bore. *Id.,* p 235. At the time of conception and birth, the defendant was married to Mr. Wagenmaker, who "continuously accepted and supported the child as his own." *Id.* After reviewing the meaning of "child born out of wedlock" as defined by the statute, the Court stated:

> For a putative father to be able to file a proper complaint in a circuit court, MCL 722.711(a); MSA 25.491(a), a circuit court must have made a determination that the child was not the issue of the *marriage at the time of filing the complaint.* [*Id.,* pp 242-243; emphasis in original.]

Because the plaintiff in *Girard* could not show that the child was born out of wedlock, the Court concluded that he could not file a complaint and thus did not have standing to bring a claim under the Paternity Act.

In contrast to *Girard,* which involved the status of the plaintiff putative father in his attempt to gain parental rights to a child conceived and born during the Wagenmakers' marriage, the instant case involves a complaint brought by the DSS seeking support under the Paternity Act for a minor child born after the mother was divorced and where there already had been a judicial determination that the child was born out of wedlock. Unlike *Girard,* where the plaintiff needed to rebut the traditional presumption of legitimacy, the only issue in the instant case is whether defendant is the biological father and thus liable for the minor child's support and education. MCL 722.712; MSA 25.492; *Syrkowski, supra.*

Moreover, were we to agree with defendant that *Girard* controls this case, plaintiffs would have to refile the present paternity action. We concur with the trial court's observation that refiling the pres-

ent action would be burdensome and futile, given that there has already been a judicial determination that the minor child was born out of wedlock.

In addition, we note that in a refiled action defendant would have less protection than he has enjoyed in these proceedings. Plaintiff Gates first would have to seek modification of the divorce judgment on the basis of newly discovered evidence by filing a motion for relief from judgment under MCR 2.612(C). After obtaining an amended judgment of divorce that provided that the minor child was not the issue of the marriage, plaintiffs then could refile the paternity action against defendant. Because defendant would not be a party to the action to modify the judgment of divorce, he would have no opportunity to challenge the determination excluding John as the father of the child. This contrasts with the present case where defendant, as a party to the paternity action, was entitled to call witnesses and cross-examine plaintiffs' witnesses at the evidentiary hearing where the court determined that the child was not the issue of the marriage between Gates and John.

Affirmed.