DEPARTMENT OF SOCIAL SERVICES v BAAYOUN

Docket No. 145997. Submitted December 21, 1993, at Lansing. Decided March 21, 1994, at 9:00 A.M.

The Macomb County Department of Social Services, on behalf of Muhammad A. Mathieu, a minor child, and Loretta J. Mathieu brought an action in the Macomb Circuit Court against Muhammad S. Baayoun, seeking orders of filiation and support. The plaintiffs alleged that the child was conceived during the marriage of Loretta to Joseph Mathieu, but that Loretta was not married when the child was born and that the child was not the issue of the marriage. The court, Frank E. Jeannette, J., denied summary disposition for the defendant, rejecting the defendant's assertion that the plaintiffs lacked standing to proceed under the Paternity Act because the child was not born out of wedlock within the meaning of the act. Following court-ordered blood tests that tended to establish that the defendant was the father of the child, the court again denied summary disposition for the defendant. The defendant appealed by leave granted.

The Court of Appeals *held:*

1. An action under the Paternity Act requires that the child be born out of wedlock. The act defines a child born out of wedlock as a child begotten or born to a woman who was not married from the date of conception to the date of birth of the child or a child who, although conceived or born during the marriage of the mother, has been determined by a court not to be the issue of that marriage. Because it is uncontroverted that the child was conceived while his mother was married and because at the time of the filing of the complaint there had been no judicial determination that the child was not the issue of the marriage, the child was not a child born out of wedlock within the meaning of the Paternity Act, and the plaintiffs lacked standing to proceed under that act. The trial court erred

REFERENCES

Am Jur 2d, Bastards §§ 11, 68, 69; Divorce and Separation §§ 1018, 1098; Summary Judgment §§ 4, 12.

Who may dispute presumption of legitimacy of child conceived or born during wedlock. 90 ALR3d 1032.

in refusing to grant summary disposition for the defendant, the defendant clearly being entitled to judgment as a matter of law.

2. The default judgment of divorce entered by the Wayne Circuit Court on the complaint of Joseph Mathieu did not act as an adjudication of the question whether the child was the issue of the marriage, because although the complaint alleged that there were no children born of the marriage, it is clear that Joseph was not aware at the time that Loretta was pregnant.

3. The denial of the defendant's first motion for summary disposition does not bar his bringing of a subsequent motion on the same ground.

Reversed.

1. PARENT AND CHILD — PATERNITY ACT — CHILD BORN OUT OF WEDLOCK — STANDING.

The Department of Social Services and a mother lack standing to seek orders of filiation and support pursuant to the Paternity Act where the child was conceived while the mother was married and there has been no judicial determination that the child was not the issue of the marriage, because under those circumstances the child is not a child born out of wedlock within the meaning of the act (MCL 722.711[a], 722.714[8]; MSA 25.491[a], 25.494[8]).

2. MOTIONS AND ORDERS — SUMMARY DISPOSITION.

The denial of a motion for summary disposition does not bar the bringing of a subsequent motion for summary disposition on the same ground (MCR 2.116[E][3]).

*Carl J. Marlinga,* Prosecuting Attorney, *Robert J. Berlin,* Chief Appellate Lawyer, and *Jane E. Stevens,* for the Department of Social Services.

*Robert E. Novitke,* for the defendant.

Before: SHEPHERD, P.J., and McDONALD and JANSEN, JJ.

JANSEN, J. Defendant appeals by leave granted from an order of the Macomb Circuit Court denying his motion for summary disposition pursuant to MCR 2.116(C)(5). We reverse.

Loretta Jean Mathieu and Joseph Mathieu were married on June 20, 1978, but separated in September 1978. In April 1979, Joseph filed a complaint for divorce. In the complaint, Joseph alleged that there were no children born of the marriage. On June 29, 1979, a default judgment of divorce was entered by the Wayne Circuit Court. The default judgment of divorce made no mention of the issue of paternity.

Loretta's child, Muhammad Ali Mathieu, was born on November 22, 1979. There is no question in this case that the child was conceived during the marriage. Loretta knew that she was pregnant at the time that the default judgment of divorce was entered, because she was approximately four months pregnant at the time.

On July 19, 1988, the Macomb County Department of Social Services (DSS) filed a complaint on behalf of the child pursuant to § 4(8) of the Paternity Act MCL 722.714(8); MSA 25.494(8), the mother being made a party plaintiff pursuant to the same section, seeking a determination that defendant was the father of the child. Defendant filed a motion for summary disposition on August 2, 1988, claiming that plaintiffs lacked standing to sue until it was determined that the child was born out of wedlock. The trial court denied the motion on December 12, 1988.

On January 17, 1989, the trial court ordered paternity blood testing. The test showed a relative probability of 99.995 percent that defendant was the father of the child. The trial court subsequently denied defendant's motion to exclude the blood test results on June 7, 1990.

Defendant again moved for summary disposition on August 2, 1991, arguing that the child was not a child born out of wedlock within the meaning of § 1(a) of the Paternity Act, MCL 722.711(a); MSA

25.491(a), and that plaintiffs therefore lacked standing. The trial court denied the motion on October 11, 1991. Defendant sought leave to appeal, which was granted on December 19, 1991.

This case requires us to determine whether the child was born out of wedlock within the meaning of § 1(a) of the Paternity Act. We find that this case is controlled by the Supreme Court's decision in *Girard v Wagenmaker*, 437 Mich 231; 470 NW2d 372 (1991), and we, therefore, reverse the trial court's denial of summary disposition. Plaintiffs do not have standing to bring this case because the child was not born out of wedlock within the meaning of the Paternity Act.

Defendant's motion for summary disposition was premised on MCR 2.116(C)(5), that plaintiffs lacked standing to sue under the Paternity Act. In reviewing a motion for summary disposition pursuant to MCR 2.116(C)(5), this Court must consider the pleadings, depositions, admissions, affidavits, and other documentary evidence submitted by the parties. MCR 2.116(G)(5). The trial court's denial of summary disposition is reviewed de novo because this Court must review the record to determine whether defendant is entitled to judgment as a matter of law. *George Morris Cruises v Irwin Yacht & Marine Corp*, 191 Mich App 409, 413; 478 NW2d 693 (1991); *Borman v State Farm Fire & Casualty Co*, 198 Mich App 675, 678; 499 NW2d 419 (1993).

We initially note that subject-matter jurisdiction and standing are not the same thing. *Altman v Nelson*, 197 Mich App 467, 472; 495 NW2d 826 (1992). Jurisdiction of the subject matter is the right of the court to exercise judicial power over a class of cases. *Id.* Subject-matter jurisdiction over paternity actions has been conferred by statute on the circuit courts. MCL 722.714(3); MSA 25.494(3).

The circuit court in this case had subject-matter jurisdiction to consider plaintiffs' paternity action. *Syrkowski v Appleyard,* 420 Mich 367, 375; 362 NW2d 211 (1985). Contrary to defendant's argument, there is no requirement in the Paternity Act that only the circuit court that granted the judgment of divorce has jurisdiction to determine the paternity of the child. Rather, complaints under the Paternity Act are to be filed in the county where the mother and child or one of them reside. MCL 722.714(1); MSA 25.494(1).

Standing, on the other hand, relates to the position or situation of the plaintiff relative to the cause of action and the other parties at the time the plaintiff seeks relief from the court. *Altman, supra,* p 475. Where the cause of action is created by statute, such as the instant case, the plaintiff may be required to allege specific facts in order to have standing. *Id.* In order to have standing under the Paternity Act, the plaintiff must allege that the child was born out of wedlock. MCL 722.714(6); MSA 25.494(6); *Dep't of Social Services v Carter,* 201 Mich App 643, 646; 506 NW2d 603 (1993). MCL 722.711(a); MSA 25.491(a) defines "child born out of wedlock" to be "a child begotten and born to a woman who was not married from the conception to the date of birth of the child, or a child which the court has determined to be a child born or conceived during a marriage but not the issue of that marriage."

In this case, plaintiffs do not have standing because the child was conceived during Loretta's marriage to Joseph and a court had not determined before the filing of the paternity action that the child was not the issue of the marriage. In *Girard, supra,* p 244, the Supreme Court concluded that a prior determination of paternity is required under the second clause in the definition of a child

born out of wedlock. The Supreme Court held that for a putative father to be able to file a complaint in the circuit court, a determination that the child was not the issue of the marriage already must have been made by a circuit court at the time of the filing of the complaint. *Id.,* pp 242-243.

Although *Girard* involved the filing of a complaint by a putative father and the instant case is a suit initiated by the DSS on behalf of the mother and child, the definition of "child born out of wedlock" remains the same and either the putative father or the DSS must establish that the statutory requirements of who constitutes a "child born out of wedlock" have been met in order to have standing to bring an action under the Paternity Act. In the instant case, the DSS cannot establish that the requirements of either definition of a child born out of wedlock have been met. The child was conceived during the marriage, and there had been no determination, at the time of the filing of the complaint that the child was not the issue of the marriage.

We further find this case to be factually distinguishable from *Carter.* In *Carter,* the mother did not learn that she was pregnant until after the divorce. This fact was clearly outcome determinative in *Carter,* because this Court noted that a prior determination that the child was born out of wedlock could not be required because that issue could not have been determined in the divorce action. This Court in *Carter* therefore held that a prior determination that the child was born out of wedlock was not necessary under the circumstances of that case and that the DSS did not lack standing as a result. In the instant case, the mother knew that she was pregnant at the time of the divorce, and the issue of paternity could have been determined at that time.

In any event, we also believe that *Carter* was decided incorrectly in light of *Girard.* The Supreme Court in *Girard* made clear that there must be a determination by a court that the child was born out of wedlock before the bringing of a paternity action pursuant to the second clause of § 1(a). This Court's attempt to distinguish *Girard* on the fact that the putative father brought the action in *Girard* while the DSS brought the action in *Carter* is largely irrelevant, because under either circumstance the party filing suit must allege that the child was born out of the wedlock and the facts necessary to establish that status remain the same irrespective of the party bringing the action.

Accordingly, we follow the dictates of our Supreme Court's pronouncement in *Girard,* as we must, and hold that plaintiffs did not have standing to bring this action because there was no prior determination that the child was not the issue of the marriage and the child was conceived during the marriage. We decline to follow *Carter,* because we find that case to be factually distinguishable and, in any event, believe that *Carter* was decided incorrectly. However, we do note that the mother may secure a determination that her child was not an issue of the marriage through postjudgment divorce proceedings.

Plaintiffs further contend that the 1979 default judgment of divorce determined that the child was not an issue of the marriage. We disagree. The default judgment of divorce is silent with regard to the question of paternity and child support, and it indicates that Joseph was not aware that Loretta was pregnant at the time. Thus, the divorce judgment cannot be deemed to have determined the issue of paternity.

Finally, we reject plaintiffs' assertion that the trial court's denial of defendant's first motion for

summary disposition barred his second motion. MCR 2.116(E)(3) allows for more than one motion for summary disposition to be filed.

Reversed.

SHEPHERD, P.J. I concur in the result only.