# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

---

TAMMY FEDDERSON,

        Plaintiff-Appellant,

v

KENNETH CADORETTE,

        Defendant-Appellee.

UNPUBLISHED
November 28, 2017

No. 333583
Oakland Circuit Court
LC No. 2006-719727-DP

---

Before: BORRELLO, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiff appeals as of right an April 5, 2016, order setting aside an order of filiation and dismissing her claim under the Paternity Act, MCL 722.711 *et seq*. for lack of subject-matter jurisdiction. For the reasons set forth in this opinion, we reverse.

## I. BACKGROUND

Plaintiff conceived a minor child, CF, while she was married to her now-deceased husband. Her husband died three months after CF was born in September 2002. On April 11, 2006, plaintiff filed a complaint for paternity, alleging that she was "begotten with child" by defendant on or about January 2002. Plaintiff did *not* allege that CF was "born out of wedlock." Plaintiff alleged that she gave birth to CF on September 10, 2002 and that defendant was the child's biological father. Defendant denied that he was the child's biological father, and no genetic blood testing was ever conducted.

The lower court conducted a trial on October 16, 2006 and thereafter entered an order of filiation declaring defendant to be the father of the child. Over the course of several years after entry of the order of filiation, defendant was delinquent in paying child support, resulting in the issuance of numerous orders to show cause and bench warrants for defendant's arrest. In 2010 and 2011, defendant filed motions in the lower court, arguing that the order of filiation should be set aside and the resulting child support obligation should be canceled because he learned that plaintiff had been collecting Social Security survivor's benefits for the child, as the child of her deceased husband to whom plaintiff was legally married on the date when she conceived the child. On two separate occasions on April 6, 2011, and March 26, 2012, the trial court referred the case to the Friend of the Court (FOC) for investigation and recommendation regarding child support. However, the FOC never completed the investigations.

-1-

In 2015, defendant was investigated for a felony charge for failure to pay child support, and it was discovered that the April 6, 2011 and March 26, 2012 orders of reference to the FOC for investigation and recommendation as to child support had not been completed. The FOC commenced a set of hearings in an attempt to complete that investigation.

At a November 30, 2015 hearing, plaintiff testified that at the time CF was conceived, plaintiff was married to an individual other than defendant. Plaintiff's former husband died three months after CF's birth. Plaintiff testified that she received $2,325 per month in Social Security benefits, including both disability benefits and survivor's benefits. Of that amount, plaintiff testified, she received $1,748 per month in Social Security survivor's benefits for herself and all of her minor children, including CF. Plaintiff testified that she received this amount, which was the maximum family benefit, before the birth of CF.

On December 10, 2015, the FOC referee conducted a review of the relevant facts and recommended that the order of filiation be set aside and that the case be dismissed for lack of subject-matter jurisdiction. The referee explained as follows:

> Michigan law is clear that a minor child cannot have two legal fathers. Pursuant to the action filed by the Plaintiff, the Paternity Act . . . provides this Court with subject matter jurisdiction to determine the parentage of a child, ONLY if a child is "born out of wedlock".
>
> Since Plaintiff/Mother was married when the minor child was conceived, the child was not born "out of wedlock" []
>
> * * *
>
> Since this Court lacked subject matter jurisdiction . . . to hear this case, the subsequent Order of Filiation is void as a matter of law pursuant to MCR 2.612(C)(l)(d). Even if a genetic test had shown this Defendant to be biologically the Father of this minor child, he could still not be established as the legal Father absent a court determination that this minor child is not an issue of the marriage between Plaintiff and Robin Fedderson.

Plaintiff objected to the referee's recommendation, and after a de novo review of the issues, the circuit court issued an order setting aside the order of filiation and dismissing the paternity complaint for lack of subject-matter jurisdiction because plaintiff was married to a man other than defendant at the time the child was conceived and her deceased husband had not been excluded as the child's legal father. The court denied plaintiff's motion for reconsideration. This appeal ensued.

## II. STANDARD OF REVIEW

Plaintiff argues that the trial court erred in dismissing the complaint under the Paternity Act. Interpretation and application of the Paternity Act and issues of subject-matter jurisdiction involve questions of law that we review de novo. *Sinicropi v Mazurek*, 273 Mich App 149, 155; 729 NW2d 256 (2006).

### III. ANALYSIS

Plaintiff filed this action pursuant to the Paternity Act, MCL 722.711 *et seq*. "The act was created as a procedural vehicle for determining the paternity of children 'born out of wedlock', and enforcing the resulting support obligation." *Syrkowski v Appleyard*, 420 Mich 367, 375; 362 NW2d 211 (1985). The Paternity Act allows only specific parties to bring a paternity action in circuit court: "the mother, the father, a child who became 18 years of age after August 15, 1984 and before June 2, 1986, or the department of human services as provided in this act." MCL 722.714(1). The statute defines the term "mother" to mean "the mother of a child born out of wedlock", MCL 722.711(c), and defines the phrase "child born out of wedlock" to mean "a child begotten and born to a woman who was not married from the conception to the date of birth of the child, or a child that the court has determined to be a child born or conceived during a marriage but not the issue of that marriage." MCL 722.711(a). Therefore, under the Paternity Act, "paternity can be properly established *only* if the child is 'born out of wedlock'." *Sinicropi*, 273 Mich App at 164 (emphasis in original), quoting *Aichele v Hodge*, 259 Mich App 146, 161; 673 NW2d 452 (2003).

In *Altman v Nelson*, 197 Mich App 467, 473-474; 495 NW2d 826 (1993), this Court discussed the difference between a court's subject matter jurisdiction to hear a complaint under the Paternity Act and a plaintiff's standing to bring an action under the Paternity Act. In *Altman*, in January 1988 the plaintiff-father filed a paternity complaint in which he alleged that he was the biological father of the defendant-mother's child and alleged—albeit incorrectly— that the child was born out of wedlock in that the child was born to defendant when the defendant was an unmarried woman. *Id*. at 469. In her answer, the defendant-mother denied that she was an unmarried woman at the time of the child's birth or thereafter. *Id*. In support of her denial, the defendant-mother submitted a copy of a marriage license indicating that she was married several years before the child's birth, as well as a copy of the child's birth certificate identifying the defendant's husband as the child's father. *Id*. The defendant did not, however, raise the issue of standing and the trial court did not address the issue. *Id*. After biological testing established that the plaintiff was the father of the child, the trial court entered an order of filiation. *Id*. at 470.

Thereafter, the court entered a consent custody order in January 1991, granting the plaintiff custody of the child. *Id*. Shortly thereafter, the defendant moved to dismiss the entire case for want of jurisdiction. *Id*. The defendant alleged that the child had been born in wedlock when the defendant was married to her husband and that the husband was therefore the legal and equitable father of the child. *Id*. The defendant alleged that the trial court therefore had no subject-matter jurisdiction over the action and its prior orders were void ab initio. *Id*. The trial court agreed, holding that the plaintiff did not have standing under the Paternity Act; the trial court also held that it did not have subject-matter jurisdiction at the time it entered the order of filiation. *Id*. at 470-471. Therefore, the trial court voided all of its prior orders and ordered that the child be returned to the defendant. *Id*. at 471.

On appeal, the plaintiff argued that the defendant never challenged his standing to commence the paternity action and that the trial court had subject-matter jurisdiction over the case. *Id*. The *Altman* panel explained that the trial court conflated standing with subject-matter jurisdiction as follows:

Subject-matter jurisdiction and standing are not the same thing. *Jurisdiction of the subject matter is the right of the court to exercise judicial power over a class of cases, not the particular case before it*; to exercise the abstract power to try a case of the kind or character of the one pending. The question of jurisdiction does not depend on the truth or falsity of the charge, but upon its nature: it is determinable on the commencement, not at the conclusion, of the inquiry. []

There is a wide difference between a want of jurisdiction, in which case the court has no power to adjudicate at all, and a mistake in the exercise of undoubted jurisdiction, in which case the action of the trial court is not void, although it may be subject to direct attack on appeal. This fundamental distinction runs through all the cases. When there is a want of jurisdiction over the parties or the subject matter, no matter what formalities may have been taken by the trial court, the action is void because of its want of jurisdiction. Consequently, its proceedings may be questioned collaterally as well as on direct appeal.

Where jurisdiction of the subject matter and the parties exist, errors or irregularities in the proceedings, however grave, although they may render the judgment erroneous and subject to be set aside in a proper proceeding for that purpose, do not render the judgment void; until the judgment is set aside, it is valid and binding for all purposes and cannot be collaterally attacked. Once jurisdiction of the subject matter and the parties is established, any error in the determination of questions of law or fact upon which the court's jurisdiction in the particular case depends is error in the exercise of jurisdiction. [*Id.* at 472-473 (citations omitted).]

Importantly, the *Altman* Court then noted that because "[s]ubject-matter jurisdiction over paternity actions has been conferred by statute on the circuit court[,]" the trial court "had subject-matter jurisdiction to consider plaintiff's paternity action." *Id.* at 473-475.

The *Altman* panel then moved on to the issue of standing, explaining as follows:

In contrast, standing relates to the position or situation of the plaintiff in relation to the cause of action and the other parties at the time the plaintiff seeks relief from the court. Generally, in order to have standing, a party must merely show a substantial interest and a personal stake in the outcome of the controversy. However, when the cause of action is created by statute, the plaintiff may be required to allege specific facts in order to have standing. Such is the case in a paternity action. *In order to have standing to seek relief under the Paternity Act, plaintiff must allege that the child was born out of wedlock. . . .*

In his complaint, plaintiff alleged that he was the biological father of the female child born to defendant when she was not married. He petitioned for an order of filiation under the Paternity Act. By making such assertions and seeking such relief, plaintiff requested the circuit court to exercise its subject-matter

-4-

jurisdiction in paternity actions. *Plaintiff's failure to plead or prove sufficient facts to support his standing did not deprive the circuit court of subject-matter jurisdiction.*

\* \* \*

In the case before us, the trial court did not resolve the issues of marital status and standing before entering the order of filiation. However, the defendant mother did not appeal that decision. Having done nothing to contest that final order during the past three years, even though represented by counsel, defendant cannot now be heard to complain.

We conclude, therefore, that the allegations in plaintiff's paternity complaint were sufficient on their face to show that the circuit court had subject-matter jurisdiction of the action, and that plaintiff claimed standing to bring the action. Because the trial court had jurisdiction of the subject matter and of the parties, the action taken by the trial court, though involving an erroneous exercise of jurisdiction, was not void. . . . Accordingly, the trial court erred in vacating its previous orders on the basis of a finding that they were void. [*Id.* at 475-477 (citations omitted; emphasis added).]

Following this Court's decision in *Altman*, in *Dep't of Social Services v Baayoun*, 204 Mich App 170, 173-174; 514 NW2d 522 (1994), this Court summarized the holding in *Altman* as follows:

We initially note that subject-matter jurisdiction and standing are not the same thing. [] Jurisdiction of the subject matter is the right of the court to exercise judicial power over a class of cases. Subject-matter jurisdiction over paternity actions has been conferred by statute on the circuit courts.

Standing, on the other hand, relates to the position or situation of the plaintiff relative to the cause of action and the other parties at the time the plaintiff seeks relief from the court . . . Where the cause of action is created by statute, such as the instant case, the plaintiff may be required to allege specific facts in order to have standing. *In order to have standing under the Paternity Act, the plaintiff must allege that the child was born out of wedlock.* [Citations omitted; emphasis added.]

In this case, the circuit court had subject-matter jurisdiction to hear this case. The case involved a claim arising under the Paternity Act and "subject-matter jurisdiction over paternity actions has been conferred by statute on the circuit court." *Altman*, 197 Mich App at 473. Thus, plaintiff's paternity complaint fell within a "class of cases" over which the circuit court was authorized to exercise jurisdiction. *Id.* Accordingly, the circuit court erred in concluding that its prior orders were void ab initio for want of jurisdiction.

Although the circuit court had subject-matter jurisdiction, plaintiff was required to allege certain facts in order to establish standing to bring her suit under the Paternity Act. As noted in *Altman*, "[i]n order to have standing to seek relief under the Paternity Act, plaintiff must allege

that the child was born out of wedlock." *Id*. at 475; see also *Baayoun*, 204 Mich App at 173-174. Here, plaintiff did not allege that CF was born out of wedlock. Therefore, she did not have standing to bring a paternity action. *Id*. However, as noted above, given that subject-matter jurisdiction is conferred by statute over the "class of cases" at issue here, plaintiff's failure to allege and prove facts to establish standing did not deprive the court of its subject-matter jurisdiction. *Id*.

Moreover, the circuit court orders could not be collaterally attacked for lack of standing as lack of standing pertains to an erroneous exercise of subject-matter jurisdiction, not a want of subject-matter jurisdiction. See *Altman*, 197 Mich App at 477 (noting that "[b]ecause the trial court had jurisdiction of the subject matter and of the parties, the action taken by the trial court, though involving an erroneous exercise of jurisdiction, was not void. . . ."). Here, like in *Altman*, issues of marital status and standing were never raised and resolved before the circuit court entered the order of filiation and defendant never appealed the order of filiation; therefore, defendant could not later collaterally attack that order. *Id*. The circuit court erred in declaring its prior orders void.

Reversed. No costs awarded. MCR 7.219(A). We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ William B. Murphy
/s/ Amy Ronayne Krause